ROSA, PLAINTIFF AND APPELLANT, *v.* DÍAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action on a Contract.—Memorandum of Costs.

No. 3145.—Decided.May 26, 1924.

ATTORNEY'S FEES—TEMERITY.—The principal consideration in allowing attorney's fees is not the amount of labor to which the victorious attorney is put, but the degree of temerity of the defeated party; therefore, in this case the claim being for a little more than $2,000, the amount of $700 allowed as attorney's fees is excessive.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Messrs. Largé & Zeno* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant, suing for the performance of a contract and the complaint having been dismissed, complains of being mulcted in counsel fees to the extent of $700. It is immediately evident that the complainant was not altogether blameworthy (*temeraria*) when it is stated that the judgment against him was affirmed in this court, only by a vote of three to two. The claim was for a little over $2,000, and to award one-third of that amount for counsel fees is in the ordinary case extremely high and the appellee has shown us nothing that would justify an exception to the rule. While we are disposed to recognize that counsel in the court below was hard put to it to win his case, the pri-

mary test is not the amount of labor to which counsel is put, but the extent of the defeated party's temerity. The extent of the labor may play a role, but only after the degree of blame has been determined. As against the labor of counsel is the fact that he was not called upon to frame anything but a general issue plea and did not have to put in any evidence. Even if this were a case of greater blameworthiness, we should still find counsel fees of $700 excessive. In *Fragoso* v. *Marxuach,* 31 P.R.R. 187, and in *Vall* v. *Nitrate Agencies Co.,* 32 P.R.R. 642, we drew attention to the fact that the policy of the courts should be opposed to excessive counsel fees and this applies to the most blameworthy cases. Given the circumstances that we have cited, we think that a fee of $300 is sufficient award.

The judgment should be modified to conform to this reduction and, as modified,

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.